# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ESSAKHANI, an individual, | CIV-F-09-1145 AWI GSA |
| Plaintiff, | |
| v. | ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |
| WELLS FARGO BANK, N.A., a National Association, organized and existing under the laws of the United States of America; NATIONAL FUNDING GROUP, a California corporation; E-LOAN, INC., a Delaware corporation; and DOES 1 – 10, inclusive, | |
| Defendants. | |

## I. History

Plaintiff, through his attorney, Timothy Thurman, filed this suit on June 30, 2009. Defendants Wells Fargo Bank and E-Loan filed motions to dismiss, with a hearing set for November 16, 2009. On November 2, 2009, Mr. Thurman resigned from the California State Bar. He was charged with knowingly creating and using a court order containing the forged signature of a federal judge. Calls to his office were met with a recording advised existing clients to search for new counsel. The court determined that Mr. Thurman was unable to further represent Plaintiff and that Plaintiff should be given an opportunity to respond to the motions to dismiss. To facilitate the prosecution of the case, the court telephoned Defendants' legal

representatives in order to gather all available contact information for Plaintiff. The court added Plaintiff's home address to the service list and ordered him to either file a substitution of attorney or a statement that he will represent himself. Plaintiff was given 45 days from November 24, 2009 to file a response and was specifically warned that "failure to do so may result in the suit being dismissed for failure to prosecute." Doc. 19, at 2:22-23. That time has passed and no response has been received from Plaintiff.

## II. Legal Standards

A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006), quoting Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## III. Discussion

Weighing the relevant factors, the court finds dismissal for lack of prosecution appropriate. This suit can not proceed without the participation of Plaintiff or a duly designated legal representative. Mr. Thurman can no longer represent Plaintiff. No opposition or notice of non-opposition to the motions to dismiss have been filed. Plaintiff's counsel has filed a notice of lis pendens (Doc. 6) which could potentially cloud title on the property in question. The court has taken affirmative steps to solicit Plaintiff's participation and he has been warned that failure

to respond might result in dismissal. The goals of expedition resolution, efficient docket management, and avoiding prejudice to Defendants all weigh in favor of dismissal. There does not appear to be a less drastic alternative. Dealing with the case on its merits is impossible without the cooperation of Plaintiff.

### IV. Order

Accordingly, this action is DISMISSED for Plaintiff's failure to prosecute. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated: February 17, 2010  /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE